## SEARS v. WHITAKER.

(Filed September 20, 1904).

MASTER AND SERVANT—*Penalty—The Code, secs. 3119, 3120.*

> The statute making it penal to entice a servant who has contracted to serve to unlawfully leave the service of his employer does not apply when the servant has merely made a contract to serve.

ACTION by J. G. Sears against T. L. Whitaker, heard by *Judge Frederick Moore* and a jury, at June Term, 1904, of the Superior Court of HALIFAX County.  From a judgment for the defendant the plaintiff appealed.

*W. A. Dunn* and *Albion Dunn,* for the plaintiff.
*Kitchin, Smith & Kitchin* and *Day & Bell,* for the defendant.

MONTGOMERY, J.  This action was commenced before a justice of the peace for the recovery, by the plaintiff of the defendant, of the penalty afforded by section 3120 of The Code.  The complaint before the justice of the peace was that the plaintiff hired Redmond Whitaker to serve him as a farm laborer from January 30, 1904, till August 1st of that year; that the defendant enticed, persuaded and procured Redmond Whitaker to unlawfully leave the plaintiff's service, and did also unlawfully and knowingly harbor and

detain him in his (the defendant's) own service from the
service of the plaintiff after said Whitaker had unlawfully
left the plaintiff's service and after the defendant had been
notified of such unlawful leaving.

In the Superior Court, after all the evidence was in on the
part of the plaintiff, judgment as in case of nonsuit under the
Act of 1897 was entered against the plaintiff on the defend-
ant's motion.    It appeared in the evidence, which for the
purposes of this action must be taken as true, that on January
26, 1904, said Whitaker agreed to enter the service of the
plaintiff at the wages of $10 per month until the first of
August, the service to begin in the future—when the servant
should have picked out a bale of cotton and housed his crop
of the last year.    Afterwards the plaintiff and the defendant
(the said Whitaker having been in the service of the defend-
ant for the year 1903) had a conversation about the matter
of hiring him, in which the plaintiff gave his consent for
Whitaker to leave his premises and enter the service of the
defendant.    Whereupon the plaintiff sent his team, in charge
of Whitaker, the servant, to the premises of the defendant
for the purpose of moving his household property and goods
from the premises of the defendant to those of the plaintiff.
The defendant detained, or, as the witness said, "kept"
Whitaker in his employment, and sent his team back by some
other person to the plaintiff.

Section 3119 of The Code, under which this action was
brought, is in the following language: "If any person shall
entice, persuade and procure any servant by indenture, or
any servant who shall have contracted, in writing or orally,
to serve his employer, to unlawfully leave the service of his
master or employer, or if any person shall knowingly and
unlawfully harbor and detain in his own service and from
the service of his master and employer any servant who shall
unlawfully leave the service of his master or employer, then

in either case such person and servant may be sued singly and jointly by the master, and on recovery he shall have judgment for the actual double value of the damages assessed."

Section 3120 is as follows: "In addition to the remedy given in the preceding section against the person and servant violating the preceding section, such person and servant shall also pay a penalty of one hundred dollars." * * *

These statutes are penal statutes and must be strictly construed. The culpable acts set forth in section 3119, and for which the penalty provided in section 3120 may be enforced, are: first, the enticement, persuasion or procurement of any servant, whether the contract to serve be by indenture or in writing or oral, to unlawfully *leave the service* (italics ours) of his master or employer; and second, the knowingly or unlawfully harboring or detaining in his own service and from the service of his master or employer any servant who shall unlawfully *leave the service* (italics ours) of such employer. Redmond Whitaker, the servant, according to the plaintiff's evidence, never worked for the plaintiff, and therefore he never could have left the service of the plaintiff. It is true that the plaintiff sent him with his team to bring his household goods to the plaintiff's premises, but we think that is no evidence that Whitaker had entered the service of the plaintiff, but only that he was making preparations to do so. The statute does not subject persons who induce servants to break their contracts as laborers with their employers before entering into such service. Such conduct, to be sure, is actionable on the part of the party aggrieved, and damages are recoverable accordingly as the circumstances and conditions might justify, and such as the party had reasonably suffered. The case of *Haskins v. Royster,* 70 N. C., 601, 16 Am. St. Rep., 780, to which the plaintiff's counsel referred us, was a case not under the two sections of The Code

which we have been discussing, but an action in damages for the inducing by the defendant of certain persons, who had contracted to render personal service to the plaintiff, to quit such service. The Court there said: "We take it to be a settled principle of law that if one contracts upon a consideration to render personal services for another, any third person who maliciously—that is, without a lawful justification—induces the party who contracted to render such service to refuse to do so, is liable to the injured party in an action for damages. In that case the persons employed by the plaintiff had been in the service of the plaintiff and were in his service at the time they were enticed away.

We think the plaintiff in this action was properly non-suited.

No Error.