W. H. COX v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 14 October, 1908.)

1. Penalty Statutes—Interpretation—Strict Construction.

Penalty statutes are strictly construed, and to recover there-under the plaintiff must bring his case clearly within the language and meaning of the law.

2. Same—Carriers—Accepting Freight—Evidence—Nonsuit.

When it appears that the plaintiff, in an action against a carrier for failure to accept freight for shipment when tendered, did not deliver the goods to the carrier because they could not be transported by a train then getting ready to leave the station, but that they carried it back and shipped it the next day, a motion as of nonsuit upon the evidence should be allowed.

ACTION instituted before a justice of the peace for the recovery of the penalty of $50 for alleged failure of defendant to accept freight for shipment when tendered, under section 2631 of Revisal. Defendant denied that the freight was tendered. Upon appeal, the cause was tried before *Neal, J.,* and a jury, at March Term, 1908, of LENOIR.

The evidence upon which plaintiff relies to establish a general tender for shipment is as follows:

L. D. Dixon testified: "Mr. W. H. Cox gave me the meat to be carried to the Atlantic Coast Line depot on the morning of 8 January, 1907, at about 8 o'clock. Mr. Fulton was with me on the wagon. We got to the depot at about 8:10 A. M., and I went up to a man who was delivering freight in the Atlantic Coast Line warehouse, told him that I had some meat there for shipment to Greenville, and that I wanted to get it off on the morning train. He said it was too late to get it on that train—that he did not have time to fool with it, as the train was made up. I told him that it was weighed and tagged, and that I would put it on the train myself. He said, 'Wait a minute,' and went in the ticket office, and in a few minutes came back with another man, and they came to the wagon and said it was too late to get it off on that train. I

did not know the names of either of the men, or that they worked there at the time, but I now think that one of them was Mr. Marrow. I made no further effort or offer to leave the meat there, but in a few minutes drove back down town with it. I carried the meat back to the station the next morning and it was shipped to Greenville. It was fresh pork."

W. J. Fulton, for the plaintiff, testifies: "I was with Mr. Dixon on the morning of 8 January, 1907, and went with him on the wagon to the Atlantic Coast Line depot. I did not leave the wagon, but saw Mr. Dixon say something to a man in the warehouse; I did not know who it was. This man and Dixon came back to the wagon, and the man stated that it was too late to get the meat off on that train. This was about ten minutes after eight. We waited there a few minutes, and then drove back down town to Mr. W. H. Cox. I did not offer to leave the meat at the depot, nor did I hear Mr. Dixon offer to leave it there."

There were motions to nonsuit in apt time, which were overruled, and defendant excepted. There was a verdict for plaintiff, and from the judgment rendered thereon the defendant appealed.

*Wooten & Clark* and *E. R. Wooten* for plaintiff.
*Rouse & Land* for defendant.

BROWN, J. It is a well-established principle of law, applicable to corporations and individuals alike, that penal statutes are strictly construed, and that he who sues to recover a penalty awarded by the law must bring his case clearly within the language and meaning of the law. *Sears v. Whitaker,* 136 N. C., 37; *Appenheimer v. Railroad,* 64 Ark., 27; 26 Am. and Eng. Enc. (2d Ed.), p. 658.

It is clear, from a perusal of the evidence, that no general tender of the meat for shipment was made by plaintiff's agent. Taking it in its best aspect for plaintiff, the evidence shows that the meat arrived too late for the morning train, and,

*In re* KNOWLES.

finding that it could not be shipped by that train, plaintiff's employees voluntarily and purposely carried it back to plaintiff's market, and returned with it and shipped it next morning.   The defendant incurred no penalty for not shipping by that particular train, for, by section 2632, Revisal, the carrier is allowed two days at the initial point in which to begin the transportation of freight.

If the evidence is true, the language of the defendant's employee, refusing to accept the meat for shipment by that particular train, was discourteous and unwarranted, but it does not subject the company to punishment on that account.

We think the Judge below should have allowed the motion to nonsuit and have dismissed the action.   It is so ordered.

Error.