Plaintiff brought suit to recover $1.21 for loss or damage to goods in transit, and for a penalty of $50 for failure to pay the claim within the time prescribed by the statute. C. S., 3524.
The defendant operates a railroad from Tarboro to and beyond Macclesfield, in Edgecombe County. On 1 November, 1920, the Atlantic Coast Line Railroad Company issued a bill of lading for a shipment of lard from Rocky Mount to the plaintiff at Macclesfield, the initial and terminal points being within the State. The plaintiff's place of business is at Crisp, near Macclesfield. On arrival of the shipment at destination, it appeared that one of the tubs had been broken and a part of the contents lost. The claim was filed, if at all, on 11 December, 1920. With regard to filing his claim, the plaintiff testified as follows: "I put the letter in the mail and delivered it to the carrier on our route. I have a mail box at the store, and the carrier stops in the store and gets the mail right out of the store. I put the required postage on the letter, and I put the letter and claim in the R. F. D. letter box. Letter had return notice on it; it never was returned. I properly addressed the letter to the East Carolina Railway at Tarboro, and I put the postage on it; the letter was delivered to the carrier. I gave it to the carrier myself." This was the plaintiff's customary way of filing its claims. J. T. Hagans, a witness for the defendant, testified that he had been freight claim agent for the defendant six years; that he had not received this claim, and never saw it until 11 March, 1922, when it was sent to him as one of a list of claims. *Page 68 
The issues were answered as follows:
"1. Did plaintiff file claim with defendant, as alleged? Answer: `Yes.'
"2. What amount is plaintiff entitled to recover of defendant? Answer: `$1.21, with interest from 11 December, 1920.'"
The parties agreed that only the first issue should be submitted to the jury, and that the second should be answered by the court after the verdict was returned on the first.
The defendant in apt time moved for judgment of nonsuit as provided by statute, and to the denial of its motion, and to an instruction of the court, which is set out in the opinion, duly excepted. Judgment upon the verdict for the amount of the indebtedness and the penalty of $50. Appeal by the defendant.
After stating the facts: In case of intrastate shipments the statute requires that every claim for loss of or damage to property while in possession of a common carrier shall be adjusted and paid for within ninety days after the filing of such claim by the consignee with the carrier's agent at the point of destination or at the point of delivery to another carrier, and that every carrier shall be liable for the amount of such loss or damage, with interest thereon from the time the claim is filed until it is paid. The statute provides that failure to adjust and pay such claim within the period prescribed shall subject the carrier to a penalty of fifty dollars for every such failure, and that a cause of action for the recovery of loss or damage may be united with a cause of action for the recovery of the penalty. C. S., 3524.
The plaintiff recovered both the penalty and the loss incurred, and the exceptions on appeal present the questions whether there was error in his Honor's instruction, and whether the defendant was entitled to judgment of nonsuit.
What is the technical import of the phrase "after the filing of such claim"? Similar expressions have been repeatedly construed by the courts. It has been held that a paper or an instrument is filed when it is deposited in the proper office with a person in charge thereof; when it is delivered for the purpose of filing; when it is lodged with the proper person; and when it is delivered and received to be kept on file. Tregambov. Mining Co., 57 Cal. 501; Edwards v. Grand, 53 Pac. (Cal.), 796; Mann v.Carron, 79 N.W. (Mich.), 941; Masterson v. So. Ry., 82 N.E. (Ind.), 1021. The following is Webster's definition of the verb: "To deliver (a paper or instrument) to the proper officer so that it is *Page 69 
received by him to be kept on file, or among the records of his office." Hence, in Thompson v. Express Co., 147 N.C. 346, Brown, J., cited several cases substantially holding that filing a paper means receiving it into custody, and in Power Co. v. Power Co., 175 N.C. 673, Walker, J., held that a paper is filed when it is delivered to the proper officer for that purpose and received by him. The indorsement of the paper by the officer or other person is evidential but not requisite, unless made so by statute. Power Co. v. Power Co., supra; Lumber Co. v. Mack, 69 S.W. (Ky.), 712; Peterson v. Taylor, 15 Ga. 483. The plaintiffs' claim of loss or damage was therefore filed if it was delivered to or placed in the custody of the defendant's agent for that purpose, and by him received. But since not restricted to manual delivery of its claim, the plaintiff was not precluded from the use of the postoffice as a public agency for effecting the communication. The essential things were the delivery for filing and the receipt of the claim. The plaintiff contends, not that mailing was equivalent to filing the claim, but that the verdict removes all doubt as to the actual receipt of the claim by the defendant. As a counter argument the defendant insists that depositing the letter in the mail, prepaid and properly addressed, is not sufficient evidence of delivery, and moreover, that the jury returned their verdict under the court's erroneous instruction as to the law. When the evidence shows that a letter has been committed to the postoffice or other depository from which letters are regularly delivered, properly stamped, and correctly addressed to the place of residence of the person for whom it is intended, it will be presumed that the sendee received the letter in the due course of mail. Jones on Ev., sec. 52. In Trust Co. v. Bank,166 N.C. 116, it is said: "When it is shown that a letter has been `mailed,' this establishes prima facie that it was received by the addressee in the usual course of the mails and his business, and when the latter introduces evidence that it was not in fact received, or not received at the time alleged, such testimony simply raises a conflict of evidence, on which it is the exclusive province of the jury to pass." The instruction complained of is in accord with these authorities, and is free from error.
An entirely different question is involved in the defendant's contention that the plaintiff, instead of filing the claim with the agent at Macclesfield, sent it to the defendant at Tarboro, and therein failed to comply with the statute. The purpose of the penalty is to enforce obedience to the mandate of the law by punishment of the carrier. Therefore it is that the statute must be strictly construed, and he who sues to recover the penalty must bring his case clearly within the language and meaning of the law. Thompson v. Express Co., supra; Cox v. R. R., 148 N.C. 459; Sears v.Whitaker, 136 N.C. 38. "Applying the rule by which courts should be guided in the construction of a penal *Page 70 
statute, Bynum, J., in Coble v. Shoffner, 75 N.C. 42, says: `It cannot be construed by implication, or otherwise than by express letter. It cannot be extended, by even an equitable construction, beyond the plain import of its language. If, therefore, even the intent of the Legislature to embrace such a case was clear to the court from the statute itself, we cannot so extend the act, because such a construction is beyond the plain import of the language used." Grocery Co. v. R. R., 170 N.C. 244.
By the very terms of the statute the claim for loss or damage must be filed by the consignee with the carrier's agent at the point of destination of the shipment or at the point of delivery by the carrier in possession of the property to another common carrier. The obvious purpose is to afford the agent at the place of destination, or at the place of delivery to another carrier, fair opportunity to make investigation of the claim within the statutory period. "The transactions of a railroad company are multitudinous, and are carried on through numerous employees of various grades. Ordinarily, the managing officers, and those responsible for the settlement and contest of claims, would be without actual knowledge of the facts of a particular transaction. The purpose of the stipulation is not to escape liability, but to facilitate prompt investigation. And to this end it is a precaution of obvious wisdom, and in no respect repugnant to public policy, that the carrier by its contracts should require reasonable notice of all claims against it, even with respect to its own operations."Phillips v. R. R., 172 N.C. 88.
In Smith v. R. R., 174 N.C. 111, it is said: "The burden is on plaintiff to show not only that the claim was in writing, but that it was filed with defendant's agent at the point of delivery or of origin within four months after a reasonable time for delivery has elapsed. The point is expressly decided in Culbreth v. R. R., 169 N.C. 724."
And in 34 Cyc., 587, it is said: "To constitute a valid filing for record, the instrument must be delivered at the office where it is required to be filed, and delivery of an instrument to the proper officer at a place other than the office where it is required to be filed is not sufficient, even though the officer indorses it as properly filed."
In his brief, the defendant's counsel earnestly insists that the plaintiff should have filed its claim with the defendant's agent at Macclesfield, and we concur in his conclusion. Having failed to file its claim as required by law, the plaintiff cannot maintain its action. The judgment of his Honor is set aside, and his denial of the defendant's motion is
 Reversed. *Page 71