L. G. WHITE v. DIXIE FIRE INSURANCE COMPANY, GREENSBORO, N. C., AND THE AMERICAN INSURANCE COMPANY OF NEWARK, N. J.

(Filed 27 February, 1946.)

**1. Insurance § 50—Testimony that notice of cancellation was not received is some evidence that notice was not mailed.**

Insurer denied liability on the policy in suit on the ground that it had canceled the policy by mailing notice of cancellation to insured more than a month prior to the accident. Insured offered in evidence letters written by insurer's agents, one stating that the policy had been canceled and the other that the policy had been canceled by notice addressed to insured. Plaintiff testified that he had not received any notice of cancellation and did not receive the unearned part of premium until after notice of loss had been given insurer. Insurer's agent testified he mailed the notice. *Held:* Since matter properly mailed is ordinarily received, insured's testimony that he did not receive notice of cancellation is some evidence that notice had not been mailed, and therefore the question was for the jury upon the conflicting evidence, and insurer's motions to nonsuit at the close of plaintiff's evidence and at the close of all the evidence and its request for a directed verdict, were properly denied.

**2. Trial § 24—**

Defendant's contention that it was entitled to nonsuit for that plaintiff's own evidence established its affirmative defense that it had canceled the policy in suit by mailing notice of cancellation is untenable when plaintiff testifies that he did not receive such notice and thus raises a conflict in the evidence on the issue.

**3. Trial § 29—**

The party having the burden of proof upon an issue is not entitled to a peremptory instruction upon conflicting evidence.

APPEAL by defendant Dixie Fire Insurance Company, Greensboro, North Carolina, from *Harris, J.,* at September Term, 1945, of CHOWAN.

Civil action to recover on policy of insurance for damage to automobile by "collision or upset."

A demurrer filed by the American Insurance Company was sustained, and the trial proceeded against defendant, Dixie Fire Insurance Company.

The remaining parties stipulate and agree that defendant Dixie Fire Insurance Company issued and delivered to plaintiff the policy of insurance on the automobile in question—covering the actual cash value less fifty dollars; that the premium on the policy had been paid by plaintiff to the company prior to the alleged damage to the automobile; that all conditions of the policy with respect to the institution of the suit, as condition precedent thereto, were complied with by plaintiff before suit was instituted; and that the sole questions in dispute for trial in Superior Court between plaintiff and defendant Dixie Fire Insurance Company are:

"1. Was the policy cancelled prior to the alleged damage by upset or collision?

"2. If not, what amount of damages, if any, is the plaintiff entitled to recover from the Dixie Fire Insurance Company?"

In so far as this appeal is concerned, the first of the above questions is the only one involved.

The policy offered in evidence on trial below contains the name and address of plaintiff as the insured, and the following pertinent portion of condition with respect to cancellation: "This policy may be cancelled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than 5 days thereafter such cancellation shall be effective. The mailing of the notice as aforesaid shall be sufficient proof of notice and the effective date and hour of date of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the insured or by the company shall be equivalent to mailing. . . . If the company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable after cancellation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid shall be sufficient tender of any refund of premium due to the insured."

Plaintiff alleges in his complaint, and on trial offered evidence in respect of the cancellation of the policy, tending to show substantially the following: That on 28 February, 1945, the day after his automobile was "upset" and damaged, he notified the agents of *defendants* at Suffolk, Virginia, and also notified defendant, Dixie Fire Insurance Company, at Greensboro, N. C., by letter of his attorney on 28 February, 1945,

and by mailing later an affidavit to it, setting forth the facts in full, and in full compliance with the terms of the policy; that defendants declined to recognize any liability under the terms of the policy—declaring that it had been canceled on 8 January, 1945, and plaintiff notified of cancellation; that plaintiff had not received any notice of cancellation nor did he receive the unearned part of the premium until after notice of his loss had been given to defendant—when a check dated 3 March, 1945, for the alleged unearned premium was received several days later; and that he immediately returned the check.

In connection with above, plaintiff also on the trial below offered in evidence two letters from his attorney to Dixie Fire Insurance Company, Greensboro, N. C. The first dated 28 February, 1945, in which it is stated in pertinent part that: "Mr. White to whom the above numbered policy was issued called at my office this morning and handed me the policy and stated he had called your office over long distance; that you claimed the policy was cancelled some time the past January and that you were not responsible for the destruction of his automobile by reason of the said cancellation. He also informed me you have never notified him the policy had been cancelled and have never tendered to him any part of the premium he paid in the amount of $41.00.

"The purpose of this letter is to ascertain what disposition you propose making of his claim. If you seriously contend the policy was cancelled and you had the right to cancel without notice to him and without refunding a proportionate part of the premium paid by him, it is absolutely useless to engage in a fruitless correspondence in connection therewith, as only one result can follow and that is a suit for the amount due him under terms of the policy . . ." And the second, dated 21 March, 1945, enclosing "affidavit in compliance with the terms of the above numbered policy," and concluding: "If not paid within the time limit suit will be instituted for the amount set forth therein." These two letters were admitted in evidence for the purpose of showing that they were sent, and that defendant admits receiving them.

Plaintiff also offered in evidence two other letters, one dated 3 March, 1945, to plaintiff on letterhead of American Bank & Trust Company, Insurance Department, Suffolk, Va., signed in the name of that Department of that Company by Annie S. Boyer, reading as follows: "We are enclosing our check for $26.06 covering return premium due you under your policy A152529 Dixie Fire Insurance Company by reason of this policy having been cancelled as of January 15, 1945." And the other, dated 6 March, 1945, on letterhead of American Insurance Group, Dixie Fire Insurance Company, Administrative Office, Newark 1, New Jersey, signed by E. S. Hale (E. Scott Hale), Ass't Secretary, to plaintiff's attorney, reading: "Dear Sir: Policy No. A152529. L. G. White—

M. L. Martin, Severn, N. C., Agency. Your letter of February 28 is the first notice we have received that a claim is being made hereunder, and for your information advise this policy was effectively canceled by notice addressed to Mr. L. G. White, Route 1, Edenton, North Carolina, by properly attested notice of cancellation dated January 8, 1945. In view of the foregoing we disclaim liability for any loss to property described thereunder which might have occurred subsequent to January 15, 1945. Yours very truly, etc."

On the other hand, defendant, Dixie Fire Insurance Company, in its answer, denies liability to plaintiff on account of the matters and things alleged in the complaint, and pleads as ground therefor, and as defense thereto that the policy had been canceled by it prior to the date of the damage to plaintiff's automobile. It specifically avers in Section 9 of the answer, and in the course of the trial offered evidence tending to show that on 8 January, 1945, its agent, M. L. Martin, at Severn, N. C., mailed a written notice of the cancellation of said policy to the plaintiff at his post office address as shown in the policy, in words and figures as follows:

"Date: Jan. 8th, 1945. Dixie Fire Insurance Company hereby gives written notice of cancellation effective Jan. 15th, 1945, of policy No. A152529 issued to L. G. White. This policy will be cancelled and all liability of the company under said policy will cease in accordance with the policy conditions. Upon surrender of the policy, the company will refund the excess of paid premium above the pro rata premium for the expired term. Yours truly, Agent: M. L. Martin, Agency at Severn, N. C."

And on the trial defendant introduced as its only witness one M. L. Martin, who testified, summarily stated: That he is the countersigning agent at Severn, Northampton County, North Carolina, of the Dixie Fire Insurance Company under its agency, American Bank & Trust Company, at Suffolk, Virginia; that the policy in question was delivered through the Suffolk agency and countersigned by him; that the notice of cancellation (the same as set forth in Section 9 of the answer) and form of Post Office receipt #3817 were typed in the Suffolk office and brought to him by a Mrs. Boyer, accompanied by Mr. Moore, a bookkeeper, from that office; that he signed and mailed on 8 January, 1945, the notice they brought to him; that he obtained receipt from the Post Master as follows: "Received from M. L. Martin, Severn, N. C., one piece of ordinary mail addressed to Mr. L. G. White, Route 1, Edenton, N. C. This receipt does not provide for indemnification. U. S. Government Printing Office 5-10325 Post Master," stamped and postmarked "Severn, N. C., Jan. 8, 1 P. M., 1945"; that on same day he himself signed a certificate on the bottom of a carbon copy of the notice as follows: "I hereby

certify that on January 8, 1945, I sent by first class mail a notice of cancellation, an exact carbon copy of which appears above, and that form 3817 attached hereto is receipt of same obtained from the U. S. Post Office"; that the copy has been kept in the Suffolk office; that he signed a group of notices—how many he does not know; that the lady brought them the only time she has been to his office; that he did not pay any attention to the number nor the names; that Mrs. Boyer "brought the notices to me prepared and I signed them and took them to the Post Office in person"; that the premium was sent from the insurance department at Suffolk; that he kept no record of how many policies he handled a month; and that the record is kept in the Suffolk office.

Defendant further offered in evidence the allegation of the complaint as to receipt and return of check for unearned premium.

Defendant, Dixie Fire Insurance Company, preserved exceptions to refusal of the court to grant its motions, duly made, for judgment as in case of nonsuit, and to the refusal of its prayer for instruction, "If you believe the evidence and find the facts to be as the evidence tends to show, you will answer the first issue 'Yes.'"

The case was submitted to the jury upon these issues, which were answered by the jury as shown, to wit:

"1. Did the agent of the defendant, Dixie Fire Insurance Company, mail a notice to the plaintiff, as alleged in section 9 of the answer of the said defendant? Answer: No.

"2. In what amount, if anything, is the defendant, Dixie Fire Insurance Company, indebted to the plaintiff? Answer: $795.00."

From judgment on the verdict in favor of plaintiff, defendant Dixie Fire Insurance Company appeals to Supreme Court and assigns error.

*No counsel for plaintiff, appellee.*
*W. D. Pruden for defendant, appellant.*

WINBORNE, J.   Appellant contends that there is error in the judgment from which this appeal is taken in the refusal of the court (1) to sustain the motion for judgment as in case of nonsuit, and (2) to give peremptory instruction in favor of defendant on the issue as to cancellation. After full and careful consideration of the evidence shown in the record of the case on appeal we are unable to agree with these contentions.

I. Appellant predicates its first contention upon two grounds: First: Upon the theory that having introduced in evidence, without restriction or limit in purpose, the letter from the Suffolk agency in which it is stated that it was enclosing check covering return premium "By reason of this policy having been cancelled as of January 15, 1945," and the letter from the assistant secretary of defendant in which it is stated that

"this policy was effectively cancelled by notice addressed to Mr. L. G. White . . . ," as shown in the foregoing statement of facts, which are uncontroverted, plaintiff is bound by them. In support of this contention defendant relies upon the principle enunciated in *S. v. Fulcher,* 184 N. C., 663, 113 S. E., 769; *S. v. Cohoon,* 206 N. C., 388, 174 S. E., 91; *S. v. Todd,* 222 N. C., 346, 23 S. E. (2d), 47; *S. v. McNeill,* 225 N. C., 560, 35 S. E. (2d), 629, and others of like import, to the effect that when a complete defense is established by the State's or plaintiff's evidence, a defendant should be allowed to avail himself of such defense on a motion for judgment as of nonsuit. We are of opinion, however, that plaintiff's evidence does not present a complete defense of cancellation of the policy as pleaded affirmatively by defendant. It shows no more than that defendant had stated in writing to plaintiff that there was a cancellation of the policy by mailing of notice. On the other hand, such statement is not the only evidence offered by plaintiff. There is evidence that no such notice had been received by him through the mails, and that there had been no return of premium before the plaintiff filed claim on account of damage to his automobile. These are circumstances bearing upon the weight of statements of defendant. If the notice had been mailed, it would ordinarily in the usual course of mails have been delivered to plaintiff. Since there is evidence that it was not so delivered, it is a question for the jury to say, under all the circumstances in evidence, whether the notice was in fact mailed. Compare *Trust Co. v. Bank,* 166 N. C., 112, 81 S. E., 1074, and *Eagles v. R. R.,* 184 N. C., 66, 113 S. E., 512. In the *Trust Company* case it is said: "When it is shown that a letter has been 'mailed,' this establishes *prima facie* that it was received by the addressee in the usual course of the mails and his business, and when the latter introduces evidence that it was not in fact received, or, not received at the time alleged, such testimony simply raises a conflict of evidence, on which it is the exclusive province of the jury to pass."

Appellant next contends that even if it be not entitled to judgment as of nonsuit on plaintiff's evidence, the testimony of the witness M. L. Martin is not contradicted and is not in conflict with plaintiff's evidence, and hence its motion for judgment as of nonsuit at the close of all the evidence should have been granted. As to this, what is said above as to the first contention is an appropriate answer.

II. As to the refusal of the court to give the instruction to the jury as prayed: The theory of the trial below, as disclosed by the charge of the court, is that under the terms of the policy in question Dixie Fire Insurance Company had a right to cancel the policy at any time by simply mailing to plaintiff at the address given in the policy a written notice of cancellation to take effect in not less than five days and that

such mailing of notice would be sufficient proof of cancellation regardless of whether the plaintiff, as the insured, received the mailed notice. The court, in accordance with this declared theory, charged the jury that the burden on the first issue is on the defendant, through "its witnesses or plaintiff's witnesses, or both" to show that notice of cancellation was mailed, that is, placed in the post office, properly stamped and addressed to plaintiff, and if the jury should find from the evidence and by its greater weight that defendant did so mail the notice of cancellation, it would be the duty of the jury to answer the first issue "Yes," but if the jury does not so find, it will answer the issue "No."

Defendant, the appellant, takes no exception to the charge as given. Hence, we are not called upon to consider the correctness of principle involved in the theory of the trial, and we express no opinion as to it.

It is sufficient to say in respect of the request for instruction that the burden of the first issue being upon the defendant, the weight to be given to its evidence, in the light of the attendant circumstances, is for the jury. And the charge of the court has presented the case to the jury in light favorable to defendant, and under such charge the jury has failed to accept defendant's evidence. Hence, in the judgment on the verdict of the jury, we find

No error.