Gaston, Judge.
 

 The transcript of the record filed in this case is so exceedingly imperfect, and the case made so destitute of, precision, that we find it difficult to understand the point intended to be brought before us.— There is no declaration whatever so that wc cannot see what is the contract alleged to have been made and broken. The case tells us no more of its nature than is to he collected from the statement, that the
 
 action
 
 was
 
 brought
 
 to recover damages for an alleged breach of contract to deliver shingles — which by the contract were to be delivered at a place certain, and within five weeks from a prescribed day. ’Whether this contract to deliver was founded on the consideration of money actually paid — or of money tobe paid at the time of the delivery — or of money to be paid afterwards — wo are wholly without the means to ascertain.. Whether the defendant made any attempt to. deliver according to the last day — or at an
 
 *285
 
 wo are un i n formed. Under tb ese circums tan ccs, tbc Jud g-es charge is brought before us for revision. We can perceive no other course than to examine its correctness as applying to all cases of a contract like that stated to affirm the judgment if the charge bo universally correct— and to reverse the judgment if the charge be in any such case erroneous. It is highly probable that this course may not do jnstice to the opinion of the Judge, nor decide the legal questions intended to be submitted, but we are obliged to act upon the case judicially brought before us and we can see no other rule by which to direct our action.
 

 Where
 
 concurrent acts
 
 are to he done, as the one party to deliver specific articles on receiving the price, and the other to pay on receiving the articles; neither can sue the other for non-performance, without showing a performance, or readiness to perform.
 

 Where a party is to deliver specific articles on, or before a
 
 *286
 
 given day,
 
 if he
 
 teforc the^tair day, lie must give ofliSintentionto ike otter.
 

 
 *285
 
 The opinion purports to lay it down as a rule of law, 'that when one man sues another upon his contract to deliver specific articles at aplace named and within a period of time named, the plaintiff cannot recover unless he shew that he was at the place agreed on within the time named, or was prevented from attending by some act of the defendant. Now where according to the contract there are concurrent
 
 acts
 
 to be done by the parties, as for instance, the one to deliver specific articles on receiving the price, and the other to pay the price on receiving specific articles, there we understand the rule of law clearly to be that neither can sue the other for a non-performanc without an allegation that ho had performed or was ready
 
 to
 
 perform the act stipulated to be done on his part. But upon the case stated, there is but one act to he done, and that to he done on the partof the defendant. If this contract be obligatory, and the case so represents it, the defendant must either perform his engagement, or do what is tantamount to performance, or allege some sufficient reason for non-performance. The place for the delivery of the articles was fixed, and the time for the delivery so far certain as that it should not exceed a certain day. It was the duty of the defendant to deliver the articles at all events on the last day of this appointed period, and it was competent for him to make the delivery at an earlier day on giving reasonable notice of such xi design to the plaintiff so that he might have an opportunity to attend. If indeed on the last day — -or at an
 
 *286
 
 earlier one of which the plaintiff had received reasonable notice — the plaintiff did not attend to receive the articles the defendant would have been justified at leaving them there ^]1Q plaintiff’s risque. But without some at
 
 tempt on the
 
 part of the defendant to execute bis engage-rnon^ which is either equivalent to a performance or furnishes a legitimate excuse for non-performance unless ^lcre is more in the case than is disclosed to us, we cannot say that the plaintiff ought not to recover.
 

 Per Curiam. — Judgment reversed, and a new TRIAD GRANTED.