Daniel, J.
 

 This is an action of assumpsit, on a
 
 special
 
 count for not receiving and paying for a barouche, sold by the plaintiff to the defendant. The
 
 first
 
 objection was, that no
 
 parol
 
 contract for the sale of property was binding, unless it was
 
 delivered,
 
 or something was paid in
 
 earnest,
 
 or a
 
 *236
 

 time
 
 .was fixed on for its completion. The judge overruled this objection, and, we think, correetly. When a contract of sale is made, it is capable of completion by either of the Tarties
 
 °y
 
 a
 
 tender
 
 immediately made, or in a reasonable thereafter. If the vendor tenders the thing, he is enti‘■tled t© the price agreed for — if the purchaser tenders the price, he is then entitled to the thing contracted to be sold, and may have detinue for the thing or assumpsit for a breach ■of the contract.
 
 Earnest
 
 paid is not necessary to complete a parol contract oí sale; when made, it only prevent|the ■vendor, under an.y circumstances, from rescinding the contract without the assent of the vendee; and this, by the common law, and not by any statute. The vendor’s remedy for the residue of the price is then only on the contract, or on his lion on the properly thus sold. For he is not compelled to deliver, until the residue of the priee is tendered. And when no time is fixed for the delivery of the thing and the payment of the price,-the law says k must be done immediately, or within a reasonable and convenient time.— The consideration is the mutuality of the promises. In this case, the plaintiff’s promise to deliver the barouche was the legal consideration, by which the defendant was bound to comply with his promise, either by paying the priee, or accounting in damages
 
 on this count
 
 in the declaration.
 

 Secondly; The defendant insisted that the plaintiff should prove that he tendered the barouche. And so he did. The barouche was at the coach-maker’s shop — the defendant had ordered some small alterations on it — the plaintiff was to pay for them — the work was to be done in two hours— and the defendant was then to take it away from the shop. The work was done within the time agreed on — the plaintiff paid for it, but the defendant did not return and take it away. The shop was the place where the defendant was to receive the article — it was there at the time stipulated, ready for his reception. This, if not in law a tender of the article, was, at least, evidence of the plaintiff’s readiness, and that is sufficient in this action.
 
 Rowson
 
 v
 
 Johnson,
 
 1 East 203,
 
 Waterhouse
 
 v Skinner,
 
 2
 
 Bos. & Pul. 447.
 

 
 *237
 
 The
 
 third
 
 objection was, that by the re sale of the ba-ronche at auction, the plaintiff had rescinded the contract. In
 
 McLain
 
 v
 
 Dunn,
 
 15 Eng. C. L. R. 131, the court says, that in regard to the resale of the articles, it seems clear that it did not rescind the contract. It is a practice founded in good sense, to make a re-sale of a disputed article, and to hold the original contractor responsible for the difference. If the count is
 
 for goods sold and
 
 delivered, he cannot, perhaps, (says Best, C. J.) consistently with such a demand, dispose of them to another; but if he sues for damages, in consequence of the vendee’s refusing to complete the contract, it is not necessary he then should retain dominion over the goods: he merely alleges that a contract was entered into for the purchase of certain articles, that it has not been fulfilled, and that he has sustained damage in consequence. There is nothing in this, which requires that the property should be in his hands, when he commences the suit; and it is required neither by justice nor by the practice of the mercantile world. It is most convenient, that, when a party refuses to take goods he has purchased, they should be re-sold, and that he should be liable to the loss, if any, upon the resale. The goods may become worse the longer they are kept, and all events there is the risk of the price becoming lower. In
 
 Acebal
 
 v
 
 Levy,
 
 25 Eng. C. L. Rep. 174, the court, in the conclusion of the opinion, say, there can be no doubt but that the plaintiff might, after re-selling the goods, recover the same measure of damages in a special count, framed upon the refusal to accept and pay for the goods bought. These authorities are conclusive against the defendant on this point in his case. See also
 
 Sands v Taylor,
 
 5 Johns. Rep. 395,
 
 Martens
 
 v Adcock, 4 Esp. Rep. 251. Where no time is mentioned in the contract of sale for its completion, and the vendor immediately tenders the article and the vendee refuses to pay the price, then the vendor has his election to rescind the contract
 
 in toto,
 
 or he may
 
 bona fide
 
 re-sell the thing and recover the difference in damages on a special count in assumpsit, for not receiving and paying for the article .contracted to be sold.
 
 *238
 
 The re sale by the vendor is not,
 
 per
 
 se, evidence of a rescinding of the contract. We think that the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.