Pearson, J.
 

 The first proposition laid down by his Honor, is too general, and ought to have been qualified.
 

 If the contract was unconditional, and the defendant had failed to deliver the tobacco, the plaintiff was entitled to recover,
 
 provided,
 
 he was ready and able to pay the price. The delivery of the tobacco and the payment of the price, were concurrent acts; and, to entitle the plaintiff to recover, it was necessary for him to aver or prove that he was ready to perform his part of the contract. The plaintiff, however, cannot complain of this error as it was in his favor.
 

 The second proposition, “if the contract was, that the delivery of the tobacco depended on the plaintiff’s getting Kennedy’s tobacco, prizing it and sending it off, and plaintiff had not procured said tobacco, the defendant would be entitled to a verdict,” is certainly true. There was some evidence tending to shew that the contract depended upon the plaintiff’s getting Kennedy’s tobacco, but the evidence was slight, and we cannot help thinkingj that if particular instruction had been asked for, and the attention of the jury had been directed to the distinction between what circumstances enter into and form a part of a contract, so that the contract may be said to depend on them, and what are merely collateral, the jury would have arrived at the conclusion, that the contract in this
 
 *27
 
 case did not depend upon the plaintiff’s getting Kennedy’s tobacco, so as to make that a condition precedent. If A. agrees to buy the tobacco of B. provided he can borrow five hundred dollars from C. the agreement is conditional; it depends upon A’s being able to brrow the money from C. But if A. agrees to buy the tobacco of B., and, by way of assuring B. that he will be able to pay for it, A. tells B. that he expects to borrow money from C., this is a mere collateral circumstance — the contract does not depend on it. It makes no difference how A. gets the money; it is sufficient if he has it ready.
 

 This point does not seem to have been made at the trial, and is not presented by the case as made up; for which reason, the plaintiff cannot have the benefit of it.
 

 The third proposition, “if the contract was made with the defendant, as the agent of his mother, the plaintiff could not recover, even for one sixth of the crop,” is unobjectionable. The mother owned the whole crop, the defendant was not a tenant in common ¿s to one sixth, he had no property in it or lien upon
 
 it
 
 — State v.
 
 Jones,
 
 2 Dev. & Bat. 544—and might well sell the whole as her agent, and look to her for his sixth part of the price.
 

 Per Curiam. Judgment affirmed.