Battle, J.
 

 The allegations of the plaintiffs, that after their agent, Berryhill, had gone to the sale of th e land in question, having the sum of two hundred and fifty dollars with which to purchase
 
 *274
 
 the land for them, the defendants’ testator William Carson proposed that Berryhill should not bid off the land, but permit him to bid it off, is not exactly supported by the testimony. Berryhill, in his deposition, states that a short lime before the sale he requested Carson to bid off the land for the benefit of the plaintiffs, and he promised to do so ; that he, witness, afterwards attended the sale, carrying with him the sum of two hundred and fifty dollars for the purpose of buying the land for the plaintiffs, should Carson not comply with his promise ; but upon getting there and seeing Carson bidding, he remained silent. Another statement of the bill is not proved precisely as alleged, the plaintiffs aver that Carson in his lifetime always recognized their right to redeem the land, while thé testimony of the same witness, Berryhill, is that soon after the sale, the plaintiff Nancy asked him if he could let her have the money to redeem the land, and he promised todo so ; that in a short time thereafter she came to him again and told him that Carson had refused to let her redeem it, saying to her that she might perhaps get through it, and it would be safer in his hands than hers, but at the same time assuring her that her daughters should never want a home.
 

 We do not decide the case upon these discrepancies between the allegations and the proofs, though we cannot give the plaintiffs the relief which they ask. The bill, in effect, seeks to correct a deed absolute on its face and to hold it as a.security for a debt. To do this it must be alleged, and of course proved, that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage ; and the intention must be established, not merely-by proof of declarations, but by proof of facts and circumstances
 
 dehors the deed,
 
 inconsistent with the idea of an absolute purchase.
 
 Sowell
 
 v.
 
 Barrett, ante
 
 50. Now, what facts or circumstances, independent of Carson’s declarations, are proved in this case to show that he purchased the land in question for the plaintiffs, instead of absolutely and unconditionally for himself? None are relied on except the inadequacy of the price paid, which of itself, is insufficient, and the continued and uninterrupted possession by the plaintiff of the dwelling house and such parts of the land as they wished to cultivate, from the time of the sale until the death of Carson. The latter, indeed, would be a circum
 
 *275
 
 stance of the greatest weight, were it not balanced by the fact that the plaintiff Nancy was entitled to one third part of said land for life as her dower, and that had Carson attempted to remove her and her children from it, she could have prevented it by filing her petition, and having her dower laid off to her. The circumstance of the plaintiffs’, possession is also opposed by the admitted fact, that soon after his purchase Carson took possession of a part of the land and commenced clearing and cultivating it, and so continued to do, up to the time of his death. The possession of the plaintiffs, was not then inconsistent with that of Carson, and the possession of both parties was entirely consistent with the idea of an absolute purchase by Carson for himself.
 

 Under these circumstances we feel constrained to deny to the plaintiffs the relief which they seek, lest by granting it, we should expose titles evidenced by solemn deeds to the
 
 “
 
 slippery memory of witnesses ”.
 
 Kelly
 
 v.
 
 Bryan,
 
 6 Ire. Eq. Rep. 283. Thebill must be dismissed with costs.
 

 Per Cuiixam. Bill dismissed accordingly.