The fiat for an injunction in this case was made by me in vacation. The application for it was presented under such circumstances as to allow me no time for an examination of the authorities bearing upon the questions involved, and very little opportunity for (611) reflection. Having now had the aid of an argument and of a conference with my brethren, I have, after mature consideration, come to the conclusion with them that the order was improvidently granted and that the demurrer must be sustained and the bill dismissed.
It is necessary for us to notice only one or two of the questions raised by the pleadings, as they are sufficient to dispose of the case.
The defendant Manning, appointed a receiver under an act of the Provisional Congress of the Confederate States, entitled "An act for the sequestration of the estates, property, and effects of alien enemies, and for an indemnity of the citizens of the Confederate States, and persons aiding the same in the existing war with the United States" (see acts of *Page 400 
the third session of the Provisional Congress, No. 269), was only an officer of the law, and was as such improperly made a party defendant, and as to him the bill must therefore be dismissed with costs. Edney v. King,39 N.C. 465; Lackay v. Curtis, 41 N.C. 199.
As to the other defendants, Mallett and Brown, if the Court could entertain jurisdiction at all to restrain them from acting under the orders from the Confederate Court, it must be on the ground of fraud practiced by these defendants in obtaining the orders. Now, in this case no such fraud is positively and distinctly charged in the bill. In one place it is said that one of the defendants — whether Mallett, Brown, or Manning is not stated — was a secret informer, but whether the information given was true or false is not alleged. In another part of the bill it is charged that "the defendants Brown and Mallett have, from the first court held in November, 1861, until the last held in November, 1862, been unceasing in their efforts to have him (the plaintiff's intestate) removed without cause, and solely with the view of being (612) put into the management themselves." These are rather insinuations of fraud than positive and distinct charges of it, and when taken in connection with the fact that the relief sought is not put upon the ground of fraud, but upon other and different grounds, the Court cannot make that the basis of a decree for relief, where there are no other elements of equity. (See Witherspoon v. Carmichael, 41 N.C. 143.)
This Court has no jurisdiction to review the proceedings of the Confederate Court; and without deciding whether it might not restrain parties from availing themselves of its orders or decrees, when obtained by fraud positively charged and proved or admitted, it will not interfere in the absence of such allegations. The demurrer must be sustained and the bill dismissed with costs as to these defendants also.
Cited: Harshaw v. McCombs, 63 N.C. 77; Gilmer v. Hanks, 84 N.C. 320;Stout v. McNeill, 98 N.C. 3; Anderson v. Rainey, 100 N.C. 334.
NOTE. — It is improper to make a sheriff a party to an order of injunction against process in his hands. Jarman v. Saunders, 64 N.C. 367. Conflict of jurisdiction discussed in S. v. Hoskins, 77 N.C. 530.
If fraud be the ground of relief, it must be distinctly and positively alleged, and either admitted or supported by proof. Harshaw v. McCombs,63 N.C. 75. *Page 401