*Cool:ey, Ch. J.:
The defendants in error contracted with plaintiffs in error to cut, during the winter of lS^l^, 15,000, and not to exceed 20,000, cedar posts, and to deliver them on the rail of vessels to be furnished by the plaintiffs in error, for the price of seven cents each. The posts were cut and placed on the beach, but vessels were not furnished for shipping them until 1874. Such as were then taken by plaintiffs in error, they delivered on the vessel at their own expense.
In an action to recover the price of the posts, plaintiffs in error claimed that they were entitled to deduct the cost of taking the posts from the beach and placing them on the rail of the vessel. The circuit judge held that the purchasers were bound to furnish vessels within a reasonable time during the season of 1872, and that failing in this, they could not Require the sellers to deliver the posts on board of vessels afterwards. We think the court was right in this ruling unless there was something in the evidence tending to show an alteration in the original arrangement, or that the sellers assented to the delay in furnishing vessels.
There was evidence of a new arrangement made between the parties after the year 1872, and plaintiffs in error offered to show what it cost them and what it was worth to load the posts when they shipped them in 1874. But at the time of offering that evidence we do not find that they had in any way laid the foundation for it by showing facts which would entitle them to charge the sellers with this expense. If they had not, the evidence, as the court held, was irrelevant. It may *14 have been made relevant by evidence subsequently given, but this would not render the previous rejection erroneous.
It is said that the circuit judge, notwithstanding the rejection of this evidence, submitted the question to which it related to the jury. The charge, as reported to us, is a little blind, and it is not clear that the fact was as is alleged, *but if it were so, ,it would not affect the previous ruling. Possibly subsequent evidence might have called for such a charge; if not, exception should have been taken to it. We do not find that any exception covers this point.
The judgment must be affirmed, with costs
The other justices concurred.