HUNTER v. RANDOLPH.

(Filed April 2, 1901.)

SALES—*Vendor and Vendee—Delivery to Carrier—Bill of Lading.*

> Delivery of goods by a vendor to a common carrier is a delivery to the vendee, and this rule is not affected by failure of vendor to furnish vendee a bill of lading.

ACTION by Hunter & Sims against C. T. Randolph, heard by Judge *O. H. Allen* and a jury, at December (Special) Term, 1900, of LENOIR County Superior Court. From a judgment for the defendant, the plaintiffs appealed.

*Y. T. Ormond,* for the plaintiffs.

No counsel for the defendant.

COOK, J. The defendant purchased through their sales-
man, certain wheels from the plaintiffs. Upon receipt of the
order plaintiffs delivered the wheels to the proper common
carrier, in Richmond, where plaintiffs resided and carried on
their business, and took bill of lading for same and sent to de-
fendant an invoice of the goods. Upon arrival of the wheels
in Kinston, to which place they were shipped by defendant's
order, they were burned while in possession of the common
carrier and before delivery to vendee. This action was
brought by plaintiffs to recover against the vendee, the pur-
chase price.

It is a well settled principle that when a vendor delivers
the goods to the carrier, consigned to the vendee, both title and
possession pass from vendor and vest in the vendee, the com-
mon carrier becoming the agent of the vendee. *Ober v.
Smith,* 78 N. C., p. 313; *Gwyn v. R. R. Co.,* 85 N. C., 429;
*Crook v. Cowan,* 64 N. C., 743. And the vendor has no
further interest in or control over the goods thus shipped—in
the absence of an agreement of the parties varying this rule,
or in case of stoppage *in transitu* in case where its principles
apply.

The defendant resisted payment upon the grounds that the
wheels were not his as he had received none, and further that
the plaintiffs failed to send him the bill of lading, without
which the carrier's agent refused to recognize his claim for
the value of the goods.

There is no dispute as to the amount claimed. Upon the
trial the plaintiffs requested the Court to give the following
four instructions to the jury, viz:

1. "As soon as an order for goods is accepted by the vendor
the contract is complete without further notice to vendee, and

such contract is fully performed on the part of the vendor by the delivery of the goods in good condition to the proper carrier." Refused. Plaintiffs excepted.

2. "A delivery to a proper carrier is of the same legal effect as a delivery to the vendee himself." Refused. Plaintiffs excepted.

3. "The fact that no bill of lading was sent to the vendee does not affect the right of the vendor to recover the price of the goods." Refused. Plaintiffs excepted.

4. "If the jury believe the evidence they should find for the plaintiffs." Refused. Plaintiffs excepted.

Thereupon his Honor gave the following instruction, viz:

1. "If the plaintiffs deliver the goods to the railroad company, nothing else appearing, the defendant would be liable."

2. "The bill of lading is not necessary to complete the contract, but it was the duty of the plaintiff, with due diligence, to inform the defendant Randolph of the delivery to the railroad company, and to provide him with proper means to collect in case of loss."

3. "If the plaintiffs, by want of due care and diligence, failed to provide the defendant with the bill of lading or other proper information and means for collecting out of the railroad company, the defendant would not be liable, and you will answer the issue, 'Nothing.' "

4. "Was there an assignment of the bill of lading to the plaintiffs? To constitute an assignment it is not necessary to be in writing, but there must be an agreement by both parties. If you find that the conversation between Murray, the traveling salesman, and the defendant, as to the bill of lading, shows an assignment of bill of lading by defendant to plaintiffs, and that the plaintiffs held the bill of lading for the purpose of collecting from the railroad company, then the defendant would not be liable, and you will so find."

To the second, third and fourth instructions plaintiffs excepted.

The plaintiffs were clearly entitled to the instructions as requested, and his Honor erred in refusing to so instruct either in words or substance. And there was error in the instructions given; the plaintiffs having no interest in or control over the wheels after delivery to the carrier, their duty ceased, and it was not incumbent upon them to provide defendant with means to collect their value. In *Ober v. Smith, supra,* it was held that the vendor was entitled to recover the value of the goods from the vendee notwithstanding the fact that no bill of lading was sent him. The bill of lading in nowise affects the title to the property, but is an acknowledgment of the delivery for shipment—terms, conditions, etc., upon which it is to be carried. The title to it is not obtained through nor conveyed by the bill of lading, unless otherwise agreed between the parties.

New trial.