STATE v. V. H. BLAUNTIA.

(Filed 8 December, 1915.)

**1. Intoxicating Liquor—Possession of Agent—Prima Facie Case.**

The possession of the agent, for the one accused of violating our pro-hibition law, of more than one gallon of intoxicating liquor is sufficient to make out a *prima facie* case of guilt, under the provisions of section 2, chapter 44, Public Laws 1913, carrying the issue to the jury.

**2. Same—Barrels Marked Potatoes—Railroad's Possession—Guilt—Circum-stantial Evidence.**

It is sufficient evidence to make out a *prima facie* case of guilt of one accused of violating the prohibition law in having in his possession more than one gallon of intoxicating liquor, when it tends to show that the delivering railroad had in its possession a shipment of barrels marked potatoes addressed to the accused as consignee, but which contained several gallons of liquor covered at top and bottom with potatoes; that the next day the officers of the law found at the defendant's residence similar empty barrels, but with the marks thereon obliterated and empty bottles similar to those in the barrels they had seized; and with testi-mony of draymen that they had obtained from the railroad similar barrels upon a bill of lading given them by the defendant and delivered at his home, and that the defendant had signed the warehouse receipts for two barrels of potatoes.

**3. Same—Prisoner Not Identified.**

There being evidence in this case that the defendant, accused of vio-lating the prohibition law, had been receiving by freight barrels marked potatoes, but containing more than one gallon of intoxicating liquor, testimony of a drayman that he had been told by a man, whom he could not identify, to haul similar barrels to the ones seized to a certain ad-dress, being that of the accused, with other corroborative evidence, is held relevant in establishing a *prima facie* case of defendant's guilt in having more than one gallon of liquor on hand, both on the principal issue of guilt and on the question whether the liquor seized in the rail-road's possession, and purporting to be consigned to the defendant, was held by the railroad as defendant's agent and with his consent and pro-curement.

APPEAL by defendant from *Lyon, J.,* at June Term, 1915, of GUILFORD. Indictment for violation of section 2 of the Search and Seizure Law and for unlawfully having spirituous liquor in possession for purposes of sale, tried on appeal from municipal court. Defendant was convicted and, from judgment on the verdict, appealed to the Supreme Court.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*John A. Barringer for defendant.*

HOKE, J. Chapter 44, Public Laws 1913, section 2, makes it unlawful for any person, etc., other than druggists and medical depositories, duly licensed thereto, "to have in possession for purposes of sale any spirit-uous, vinous, or malt liquors," and, among other things, makes the

having in one's possession more than one gallon of liquor at one time, whether in one or more places, *prima facie* evidence of a violation of the section.

The statute has been directly upheld as a valid enactment, *S. v. R. R.,* 149 N. C., 508; *S. v. Wilkerson,* 164 N. C., 431; and it has been also held that where it is established that the amount of spirituous liquors specified is in the control and possession of defendant's agent, such possession shall be deemed sufficient to make out a *prima facie* case of guilt within the meaning of the law. It is chiefly urged for error by defendant that there is in this case no valid or sufficient evidence that he had possession of one or more gallons of spirituous liquors at one and the same time so as to make out a *prima facie* case, and, this being true, the forbidden offense has not been established; but we do not so interpret the record. On the trial there were facts in evidence tending to show that defendant worked in a barber shop in Greensboro, and that on or about 18 May officers of the police seized three barrels, appearing to be barrels of potatoes, at the railroad station, purporting to be consigned to V. H. Blauntia, marked "Michigan Seed Potatoes"; another mark on the barrel was "From Walenstein Brewery Company, Richmond, Va."; that, on examination, it was found that in the barrel there were a few potatoes at the bottom and top and between these were forty pints of whiskey in bottles; that on the 19th of May the officers went to the home of defendant, 121 Thomas Street, and found there some empty barrels similar to those found at the station except that the marks on the barrels had been erased or obliterated, and they also found there a lot of empty bottles similar to the kind found full in the barrels that were seized. It was further shown that, just prior to this seizure, two other barrels of potatoes had been receipted for by Cyrus Caldwell, a drayman. Charles Johnston, a drayman, testified that he hauled a barrel of potatoes for defendant, similar in kind and appearance to those seized and now in the possession of the police, and, by his direction, delivered it to his house, 121 Thomas Street; that he did not notice the address on the barrel, but he got the same from the station agent on presenting the bill of lading given him by the defendant.

Cyrus Caldwell, another drayman, testified that, at the request of some man he could not possibly identify, he, about six or eight days before the trial in the municipal court, procured from the station two barrels, apparently of potatoes, on presenting the bills of lading given him by the man, and, by his direction, he took them to the house, 121 Thomas Street. The warehouse receipts for two barrels of potatoes were identified as having been signed for by this witness. The bill showed shipment from Richmond, Va., and addressed to Mrs. V. H. Blauntia.

If the jury should find that the three barrels containing the whiskey, addressed to V. H. Blauntia, were in the care and custody of the rail-

road by his consent and procurement, this would be considered his possession within the meaning of the statute, *S. v. Lee, supra; Hunter v. Randolph,* 128 N. C., 91; *Gwyn v. R. R.,* 85 N. C., 429, and a *prima facie* case would be established of itself, carrying the issue to the jury; and this and the entire testimony are, in our opinion, amply sufficient to justify defendant's conviction of the charge made, "that he had in his possession spirituous liquors for the purpose of sale."

It was also urged for defendant that the court committed error in refusing to strike out the testimony of the witness Cyrus Caldwell, for the reason chiefly that he failed to identify defendant as the man who gave him the two bills of lading for which he receipted; but while he failed to identify the man, he spoke with certainty of the place to which the man directed him to take the barrels, and this, in connection with the fact that defendant had given similar directions about another barrel to the witness Johnston, and that barrels and also empty bottles, both resembling the barrels and the bottles of whiskey seized, were found at this house, No. 121 Thomas Street, the home of defendant, presented a combination of facts that rendered the statement of Caldwell relevant, both on the principal issue of guilt and on the question whether the whiskey seized and purporting to be consigned to defendant was held by the railroad company as defendant's agent and with his consent and procurement.

There is no error, and the judgment on the verdict must be affirmed.

No error.