A. B. NEWBERN v. J. M. NEWBERN.

(Filed 10 September, 1919.)

**Deeds and Conveyances — Equity — Correction — Trusts—Mortgages—Evidence.**

A deed absolute upon its face may not be declared a mortgage by the courts in the absence of allegation and proof that the redemption clause had been omitted by mistake or that it had been induced by fraud and under advantage taken; and where the grantor was competent to fully understand the instrument, had kept it a week before signing, though spoken of in the letter of transmittal as a deed in trust "as per agreement," he is bound by his deed, and his testimony that the grantee and himself had agreed that it should be given to secure a loan, is insufficient to convert it into a mortgage.

APPEAL by plaintiff from *Bond, J.,* at January Term, 1919, of CURRITUCK.

*Thompson & Wilson and Meekins & McMullan for plaintiff.*
*Ehringhaus & Small, Aydlett, Simpson & Sawyer and A. M. Simmons for defendant.*

CLARK, C. J. This was an action by the plaintiff against his brother to convert a deed absolute on its face into a mortgage. In the original complaint there was no allegation that the clause of redemption was omitted by mistake. The amended complaint alleges that "by mistake of the draftsman who drew this paper-writing the clause of redemption was omitted therefrom," and "that by reason of the ignorance or the mutual mistake of the parties or the mistake of the plaintiff, and fraud or undue advantage of the defendant, the said clause of redemption was omitted from said writing."

There was testimony by the plaintiff that he and his brother had agreed that the defendant should loan him money in addition to sums already loaned, and that the defendant should be secured by a conveyance of the plaintiff's interest in the lands conveyed by the father to them and their other brothers in remainder after his life estate, and that this agreement was made in North Carolina on plaintiff's visit here, and that he afterwards returned to Oklahoma where he was then residing and still resides; that thereafter the defendant sent the deed in question to the plaintiff, enclosed in an envelope, with a letter stating that it was a deed in trust drawn according to the agreement, and that the plaintiff and his wife executed the deed and returned it to the defendant. It was recorded immediately. This action was not begun until 18 September, 1916.

The defendant denied these allegations, and also pleaded the laches of the plaintiff as well as the three- and ten-year statutes of limitations. The court directed a judgment of nonsuit.

There was no evidence of a mutual mistake nor of a mistake induced by fraud. It appears by the plaintiff's testimony that he was a man of education, having spent two years at Randolph-Macon College, and that at the time of signing the deed he was a man of maturity and older than his brother, the defendant.

In *Taylor v. Edmunds,* 176 N. C., 328, the Court said: "The mere fact that a grantor who can read and write signs a deed does not necessarily conclude him from showing, as between himself and the grantee, that he was induced to sign by fraud on the part of the grantee, or that he was deceived and thrown off his guard by the grantee's false statements and assurances, designedly made at the time and reasonably relied on by him."

There are many other cases to the same effect, but in all of them there is a clear statement that there must be evidence either of "fraud in the factum," that is, an inducement to sign by "trick or device," such as placing the instrument along with several others, as in *Taylor v. Edmunds,* 176 N. C., 325, or evidence of positive misrepresentation designedly made and reasonably relied upon.

In all other cases the negligence of the party signing the deed to read the same when he had opportunity to so do will bar the assertion of his equity, *"vigilantibus non dormientibus aequitas subvenit." Dellinger v. Gillespie,* 118 N. C., 737, and cases cited thereto in Anno. Ed. In this case, as in that, it may be said: "It is plain that no deceit was practiced here. It was pure negligence in the defendant not to have read the contract. There it was before him, and there was no trick or device resorted to by the plaintiff to keep him from reading it."

In this instance the defendant was not present, but when the deed was signed, 2,000 miles away, and the plaintiff had full opportunity to examine it. It does not appear in the testimony that there was any positive misrepresentation made and reasonably relied upon by the plaintiff. The only evidence relied on is the plaintiff's testimony that in the letter in which the defendant sent the deed he stated that he "had enclosed the deed of trust drawn as per his agreement." He did not produce such letter, and it appears from his testimony that he kept the paper in hand a week before signing. He was a man of education and the opening words of the paper are "This deed," printed in extra large type.

"In order to correct a deed which is absolute on its face, and to convert it into a security for debt, it must be alleged and proven that the clause of redemption was omitted by reason of ignorance, mistake, fraud

or undue advantage," and the intention must be established by proof, not merely of declarations, but of facts, *de hors* the deed, inconsistent with the idea of an absolute purchase. *Sowell v. Barrett,* 45 N. C., 50, citing *Streator v. Jones,* 10 N. C., 423; *Kelly v. Bryan,* 41 N. C., 283, and saying that "otherwise, titles evidenced by solemn deeds would be at all times exposed to the *slippery memory of witnesses."*

To the same effect is *Brown v. Carson,* 45 N. C., 274, and the citations to that case, and to *Kelly v. Bryan, supra,* in the Anno. Ed. Also the most recent cases, *Newton v. Clark,* 174 N. C., 393, and *Williamson v. Rabon,* 177 N. C., 303, which are hereby cited and reaffirmed.

The judgment of nonsuit is

Affirmed.