E. V. IRVIN v. W. L. JENKINS.

(Filed 20 December, 1923.)

**New Trials—Contracts—Equity—Recision—Issues—Verdict—Appeal and Error—Partial New Trials—Vendor and Purchaser—Corporations—Shares of Stock—Fraud.**

> The complaint alleged two causes of action to rescind a sale of certain shares of stock in a corporation, as induced by defendant's fraud, upon different grounds, and to recover the purchase price. The second one was answered in defendant's favor, and no error was committed on the trial; but there was error in the verdict upon the several issues as to the first cause of action material to the inquiry, and *held*, the judgment in defendant's favor on the second cause of action will be sustained on appeal, but a new trial alone is awarded for the error committed in relation to the first cause of action.

APPEAL by plaintiff from *Webb, J.,* at May Term, 1923, of MECKLENBURG.

Civil action to rescind two contracts in regard to the purchase of certain cotton-mill stocks and to recover of the defendant the price paid therefor.

Two causes of action are set out in the complaint: One in regard to the sale of 20 shares of stock in the Ronda Cotton Mills, Inc., and the other in regard to the sale of 18 shares of stock in the Grier Cotton Mills, Inc.

Upon the issues joined on the first cause of action, the jury returned the following verdict:

"1. Did the defendant, on or about 26 January, 1920, for the ·purpose of inducing the plaintiff to purchase 20 shares of the capital stock of the Ronda Cotton Mills, represent to the plaintiff that the actual

and final cost of the land, buildings, machinery and equipment, etc., constituting said manufacturing plant, had been ascertained to be $30 per spindle? Answer: 'Yes.'

"2. If so, was said representation so made by the defendant to the plaintiff false to the knowledge of the defendant, as alleged in the complaint? Answer: 'No.'

"3. Did the defendant, on or about 26 January, 1920, for the purpose of inducing the plaintiff to purchase 20 shares of the capital stock of the Ronda Cotton Mills, represent to the plaintiff that he was a director in said company, as alleged in the complaint? Answer: 'Yes.'

"4. If so, was said representation so made by the defendant to the plaintiff false to the knowledge of the defendant, as alleged in the complaint? Answer: 'Yes.'

"5. Did the defendant, on or about 26 January, 1920, for the purpose of inducing the plaintiff to purchase 20 shares of the capital stock of the Ronda Cotton Mills, represent to the plaintiff that the stock in said mills could only be purchased through the defendant, as alleged in the complaint? Answer: 'Yes.'

"6. If so, was said representation so made by the defendant to the plaintiff false to the knowledge of the defendant, as alleged in the complaint? Answer: 'Yes.'

"7. If so, did the plaintiff rely upon said representations or any of them, and was he thereby induced to purchase from the defendant 20 shares of the capital stock in said Ronda Cotton Mills at the price of $133 per share, as alleged in the complaint? Answer: 'Yes.'

"8. If so, did the plaintiff, within a reasonable time after the discovery by him of the falsity of said representations, elect to rescind said contract of sale, and before the institution of this action tender to the defendant the certificates for said stock, and demand a return by the defendant of the purchase price paid him by the defendant therefor, as alleged in the complaint? Answer: 'Yes.' "

Issues of similar character were submitted on the second cause of action, all of which were answered by the jury in favor of the defendant.

Upon the verdict as thus rendered it was adjudged: "First, that the plaintiff take nothing under his first cause of action; second, that plaintiff take nothing under his second cause of action, and that the defendant go without day and recover his costs." Plaintiff appeals, assigning errors.

*Cansler & Cansler for plaintiff.*
*Hamilton C. Jones and Pharr, Bell & Sparrow for defendant.*

48—186

BEAL *v.* COAL CO.

STACY, J. Upon warmly contested issues of fact, the jury returned a verdict on the second cause of action in favor of the defendant. A careful perusal of the record leaves us with the impression that the case, as it relates to this cause of action, has been tried substantially in accordance with the law bearing on the subject. Hence, the verdict and judgment in this respect will be upheld.

We are of opinion, however, that a new trial should be awarded on the first cause of action. At the hearing, the contest waged almost entirely around the first and second issues; but under the principle announced in *Printing Co. v. McAden,* 131 N. C., 178; *Ins. Co. v. Box Co.,* 185 N. C., 543; *Gilmer v. Hanks,* 84 N. C., p. 320, and other cases to like import, it would seem that the remaining issues were material and sufficiently determinative. *Ferebee v. Gordon,* 35 N. C., 350; *Tarault v. Seip,* 158 N. C., 363, and cases there cited. Nevertheless as these issues, on the trial, were regarded as only evidentiary to the main question in dispute, and especially in view of the wording of the seventh issue, we have concluded to award a new trial on the first cause of action rather than direct that judgment be entered on this part of the verdict for the plaintiff.

The judgment for the defendant on the second cause of action will remain undisturbed, and the cause will be remanded for a new trial on the first cause of action.

Partial new trial.