## J. B. COLT COMPANY v. J. E. KIMBALL.

(Filed 30 September, 1925.)

**1. Pleadings—Fraud—Allegations.**

In order to avoid a contract on the ground of its procurement by fraud, the pleadings must allege the facts sufficient to constitute the fraud so that this sufficiency may be passed upon by the court, and the pleader's conclusion of law alone is not sufficient to admit his evidence upon the trial.

**2. Contracts—Evidence—Fraud.**

Where a written contract of sale excludes parol evidence by its express terms, evidence on behalf of the purchaser that he was prevented from reading and understanding it because of fine print therein he could not read without his spectacles at the time he signed it, is insufficient to show its procurement by the fraudulent representations of the seller's sales agent.

**3. Vendor and Purchaser—Carriers of Goods—Delivery—Questions for Jury—Questions of Law.**

Where the goods contracted to be sold are not required by the contract or agreement to be delivered to the purchaser, a delivery by the seller to the railroad company when such is contemplated is, nothing else appearing, a delivery to the consignee so far as the consignor's liability is concerned; and where there is no express agreement as to when delivery shall be made, the law presumes that it will be done in a reasonable time, which raises a mixed issue of law and fact for the jury, unless it appears by admissions or otherwise, that such delivery was either without delay or unduly delayed, when the question is one of law alone for the judge to determine.

APPEAL by plaintiff from VANCE Superior Court. *Devin, J.*

Action by plaintiff to recover of the defendant the purchase price of a gas-lighting equipment. From a judgment on a verdict for defendant, plaintiff appeals. New trial.

The verdict is as follows:

"Is the defendant indebted to the plaintiff, if so, in what amount? Answer: Nothing."

The plaintiff declared upon a written contract to purchase an acetylene gas-lighting plant for residential use, in the sum of $267.50. The defendant alleged that, on 2 March, 1920, plaintiff's agent promised him that the lighting outfit would be delivered to defendant, on his premises, not later than 60 days from that date, and that the contract was based on this promise. The defendant further alleged that, "the contract . . . was not read to this defendant, but was, through fraud and misrepresentation by the agent of the plaintiff, executed by this defendant."

The defendant admitted that he agreed to pay the plaintiff $267.50 only upon the strict compliance of the contract as agreed by plaintiff, and denies that the articles purchased have been delivered to him, and he said they never reached Townsville, North Carolina.

The defendant further says that, he, "through fraud and misrepresentation of the plaintiff, signed the contract attached to said complaint herein, and that this defendant never read the contract and does not believe he was given the opportunity to do so."

The plaintiff excepts for that the court below admitted evidence on behalf of the defendant, as follows: That the defendant was allowed to state that, as an inducement for him to sign the agreement of sale, plaintiff's agent told him they were going to put the lighting plant up in 30 days, and it would not be more than 60 days before his house would be lighted, and allowing the defendant to state that the contract read at the trial, does not embody the agreement which he had with the plaintiff's agent, and to state that the defendant was not to give note.

The plaintiff contended that this evidence was incompetent on account of the provisions in the contract which are as follows:

"It being understood that this instrument, upon such acceptance, covers all of the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements or agreements verbal or written modifying or adding to the terms and conditions herein set forth. It is further understood that upon the acceptance of this order the contract so made cannot be altered or modified by any agent of the company or in any manner except by agreement in writing between the purchaser and the company acting by one of its officers." This case was tried below upon the assumption that there was no dispute about the acceptance of the contract by plaintiff.

The plaintiff further excepted for that the court submitted to the jury defendant's contention that he signed the paper which he was fraudulently induced to believe as something else than now appeared, and to the charge that, if the defendant has satisfied the jury that the signature to the contract was procured by fraud, then he would not be responsible for it or compelled to accept it, and to the charge that the defendant would be bound by the contract; it was his duty to read it or have it read for him, "unless the other party did something to mislead him to prevent him from finding out what was in the paper he was signing." And in submitting defendant's contention that plaintiff's agent agreed to have the plant there in 60 days and to be installed, and also submitting the defendant's contention that he was fraudulently induced to sign the contract.

From a judgment on the verdict in favor of the defendant, plaintiff appealed.

*Perry & Kittrell for plaintiff.*
*Kittrell & Kittrell, J. P. and J. H. Zollicoffer for defendant.*

VARSER, J. Upon the defendant's pleading, it is apparent that fraud has not been sufficiently pleaded. It is accepted in this jurisdiction that the facts relied upon to constitute fraud, as well as the fraudulent intent, must be clearly alleged. *Bank v. Seagroves,* 166 N. C., 608; *Beaman v. Ward,* 132 N. C., 68, 71; *Anderson v. Rainey,* 100 N. C., 321, 334; *McLean v. Manning,* 60 N. C., 608; *Machine Co. v. Feezer,* 152 N. C., 516; *Merrimon v. Paving Co.,* 142 N. C., 540. Fraud must be charged positively, and not by implication. *Foy v. Stephens,* 168 N. C., 438. The presumption is always in favor of the pleader (*Dixon v. Green,* 178 N. C., 205), and when the necessary ingredients of fraud are plainly set out, the word "fraud" need not be used. *Galloway v. Goolsby,* 176 N. C., 635. Fraud must be charged so that all its necessary elements appear affirmatively. *Nash v. Hospital Co.,* 180 N. C., 59; *Marshall v. Dicks,* 175 N. C., 38; *Merrimon v. Paving Co., supra;* *Lanier v. Lumber Co.,* 177 N. C., 200, 205.

It is not sufficient to allege as a conclusion merely that the signature to the contract was procured by fraud and misrepresentation of plaintiff's agent. The facts must appear so that the court, itself, can see that these facts, if found to be true, do constitute fraud.

The defendant's evidence appearing in the record is not sufficient to constitute fraud if the proper allegations had been made. The evidence does not establish fraud in the procurement of the execution of the contract sued on, when viewed in the light most favorable to the defendant. He testifies, in his own behalf, on this phase of the case, "I refused to take it (the acetylene gas outfit) for awhile, and finally he said if I would take this plant he would install it in 30 days, certainly not more than 60 days. That is my name at the bottom of the contract. I cannot read the fine print in the contract. Agent did not tell me what was in it, told me it was a bill of sale, agreement of sale I was signing; said the installer would be there in 30 days. Do not think I asked agent to read agreement of sale to me. Agent did not tell me what it was I was signing. I did not ask him—just signed my name. I was to pay cash when it was installed, did not ask any time. As an inducement for me to sign the agreement of sale he told me they were going to put the lighting plant up in 30 days, and it would not be more than 60 days before my house would be lighted." The last sentence was objected to by plaintiff, but admitted.

The defendant further testified: "The agent led me to understand that the delivery in 30 days was in the contract. Could not say just what he said was in the contract, and I signed it thinking in 30 days I would have the plant. Did not know it was such a contract as it was or what conditions were in it. Agent did not do anything particular to keep me from reading the contract. Contract as read here today does not embody the agreement I had with the agent." This last sentence was admitted over objection.

The defendant testified: "I think I wrote my name to the contract. Am on the board of education of Vance County; have been for 12 or 15 years. I farm on rather a large scale, and my business experience has been wider than the average farmer. I am in the habit of the transaction of business. Contract was signed at my home. I could have gone off and gotten some one to read the contract to me. It would have taken stronger glasses than I have to read that fine print. If I had had any idea it was a contract like that I would have been dead sure to have had it read. I did not make any effort to have it read, only thought it was a sale agreement. The agent did not make any attempt to keep me from reading it. I suppose I have been educated above the average citizen of Vance County." This evidence does not establish fraud. *DeLoache v. DeLoache,* 189 N. C., 394, 400; *Beaman v. Ward, supra; Printing Co. v. McAden,* 131 N. C., 178; *Irvin v. Jenkins,* 186 N. C., 752. It is the defendant's duty to read the contract, or have it read to him, and his failure to do so, in the absence of fraud, is negligence, for which the law affords no redress. The defendant's duty to read or have read to him the contract, is a positive duty of which he is not relieved, except in cases of fraud. *School Committee v. Kesler,* 67 N. C., 443; *Dixon v. Trust Co.,* 115 N. C., 274; *Griffin v. Lumber Co.,* 140 N. C., 514; *Dellinger v. Gillespie,* 118 N. C., 737; *Bank v. Redwine,* 171 N. C., 564; *Taylor v. Edmunds,* 176 N. C., 327; *Newbern v. Newbern,* 178 N. C., 4; *Currie v. Malloy,* 185 N. C., 215; *DeLoache v. DeLoache, supra; Harvester Co. v. Carter,* 173 N. C., 229. Therefore, it was error to admit the evidence over plaintiff's objection. *Farquhar Co. v. Hardware Co.,* 174 N. C., 369; *Moffitt v. Maness,* 102 N. C., 457; *Murray Co. v. Broadway,* 176 N. C., 151. This principle lies at the very foundation of all contracts. Its violation, if permitted by the courts, would strike down one of the safeguards of commercial dealing. The resultant injury would be far reaching. The integrity of contracts demands its universal enforcement. *Potato Co. v. Jenette,* 172 N. C., 3.

Defendant's testimony shows that he is a man of education and prominence, accustomed to the transaction of business, and of much experience, with more than an average education; who has served on the board of education for Vance County for many years. It was his duty,

unless fraudulently prevented therefrom, to read the contract, or, in case he was not able to read the fine print without stronger glasses, to have it read to him. This rule does not tend to impeach that valuable principle which commands us to treat each other as of good character, but rather enforces along with it, the salutary principle that each one must "mind his own business" and exercise due diligence to know what he is doing.

Having executed the contract, and no fraud appearing in the procurement of the execution, the Court is without power to relieve the defendant on the ground that he thought it contained provisions which it does not. He is concluded thereby to the same extent as if he had known what due diligence would have informed him of, to wit: its plain provisions that the agent had no authority to make agreements other than those contained therein, and that such agreements, if made, were not a part of the contract. *Leonard v. Power Co.,* 155 N. C., 10; *Machine Co. v. Feezer, supra; Wright v. R. R.,* 125 N. C., 1; *Thomas v. Cooksey,* 130 N. C., 148; *Griffin v. Lumber Co.,* 140 N. C., 514; *Dellinger v. Gillespie, supra; Hayes v. R. R.,* 143 N. C., 125; *Floars v. Ins. Co.,* 144 N. C., 241; *Dixon v. Trust Co., supra; Medlin v. Buford,* 115 N. C., 260.

The defendant, however, contends that plaintiff is not entitled to recover for that the delay in shipping the purchased articles was unreasonable, and that he is relieved thereby. An inspection of the record discloses that the trial in the court below was not had upon this phase of the case. The plaintiff contends that, on account of strikes affecting all railroads running out of Chicago, it was not responsible for this delay. The contract, however, requires plaintiff to ship to the defendant at Townsville, North Carolina, and does not provide for relief on account of strikes. The contract requires plaintiff to ship to defendant, at Townsville, N. C., f. o. b. factory or warehouse, and does not require of plaintiff a delivery at Townsville, N. C. A delivery to the common carrier at the factory or warehouse, consigned to defendant as an "open" shipment, would be a delivery to defendant, *Hunter v. Randolph,* 128 N. C., 91; *Buggy Corporation v. R. R.,* 152 N. C., 121; *Pfeifer v. Israel,* 161 N. C., 414; *Grocery Co., v. R. R.,* 170 N. C., 246; *S. v. Blauntia,* 170 N. C., 749, 751; *Wooley v. Bruton,* 184 N. C., 440, if *such delivery is within a reasonable time.*

The rule is that when the contract does not specify the time for delivery, a reasonable time will be implied as a matter of law. *Waddell v. Reddick,* 24 N. C., 429; *Hurlburt v. Simpson,* 25 N. C., 233; *Winders v. Hill,* 141 N. C., 704; *Michael v. Foil,* 100 N. C., 178. This same rule has been applied to timber leases when no time is specified for the cutting and removal. *Bunch v. Lumber Co.,* 134 N. C., 116.

This rule also obtains in Arkansas (*Long v. Abeles,* 91 S. W., 29);
Delaware (*Walker v. Taylor,* 4 Pennew, 118); Georgia (*Pratt Co. v.
Gin Co.,* 119 Ga., 851); Illinois (*Cayne v. Avery,* 189 Ill., 378); Iowa
(*Holt v. Brown,* 63 Iowa, 319); Maryland (*Bagby v. Walker,* 78 Md.,
239); Michigan (*Bollenbacher v. Reid,* 155 Mich., 277); Minnesota
(*Palmer v. Breen,* 34 Minn., 39); Missouri (*Smith v. Shell,* 82 Mo.,
215); Nebraska (*McGinnis v. Johnson Co.,* 74 Nebr., 356); New York
(*Browne v. Paterson,* 165 N. Y., 460); Pennsylvania (*Muskegon Co.
v. Keystone Mfg. Co.,* 135 Pa., 132); Texas (*Ullman v. Babcock,*
63 Tex., 68); Virginia (*Smith v. Snyder,* 82 Va., 614); West Virginia
(*Boyd v. Gunnison,* 14 W. Va., 1); Wisconsin (*Lippert v. Saginaw
Milling Co.,* 108 Wis., 512); England (*DeWall v. Adler,* 12 App. Cases,
141); Canada (*Ballantyne v. Watson,* 30 U. C. C. P., 529).

What is a "reasonable time" in which delivery must be made is gen-
erally a mixed question of law and fact, and, therefore, for the jury,
but when the facts are simple and admitted, and only one inference can
be drawn, it is a question of law. *Blalock v. Clark,* 137 N. C., 140;
*Claus v. Lee,* 140 N. C., 552; *Holden v. Royall,* 169 N. C., 678; *Moore
v. Express Co.,* 181 N. C., 302; *Jeanette v. Hovey,* 184 N. C., 142;
*Kernodle v. Telegraph Co.,* 141 N. C., 439; *Davis v. Thornburg,*
149 N. C., 234; *May v. R. R.,* 151 N. C., 388. Where the delay is so
great as to support only one inference in the minds of all reasonable
persons, then it is clearly the duty of the trial court to declare it un-
reasonable as a matter of law. *May v. R. R., supra.*

The seller, in order to recover the purchase price must show perform-
ance on his part. This places on him the burden of proof to show
that a tender, or a delivery, of the goods purchased was made within a
reasonable time, or that the buyer has waived the same. *Eppens v.
Littlejohn,* 164 N. Y., 187, 52 L. R. A., 811; Mechem on Sales, 2 Vol.,
970; *Greenbrier Lumber Co. v. Ward,* 36 W. Va., 573; *Boyd v. Gunni-
son, supra; Bolton v. Riddle,* 35 Mich., 13; *Stange v. Wilson,* 17 Mich.,
342; *American Extract Co. v. Ryan,* 104 Ala., 267; *Dennis v. Stoughton,*
55 Vermont, 371; *Pope v. Mfg. Co.,* 107 N. Y., 61; Benjamin on Sales,
891 (note); *Claus v. Lee, supra; Hester v. Cole,* 31 N. C., 23; *Grandy v.
McCleese,* 47 N. C., 142; *Cowper v. Saunders,* 15 N. C., 283; *McCurry
v. Purgason,* 170 N. C., 463, 468; *Davidson v. Furniture Co.,* 176 N. C.,
572; *Edgerton v. Taylor,* 184 N. C., 579.

It was error to admit the evidence as to the alleged oral agreements
with plaintiff's agent, and to submit to the jury the question of fraud.
However, in order that the question as to whether plaintiff has complied
with its contract by shipping the goods purchased within a reasonable
time after the execution and acceptance of defendant's contract, in
accordance with the rule herein announced, it is ordered that there be a
    New trial.