SOUTHERN UTILITIES, INC. v. JERRY MANDEL MACHINERY CORPORATION

No. 8426DC166

(Filed 6 November 1984)

**Uniform Commercial Code § 18— unspecified payment date—demand for payment by defendant—refusal by plaintiff—breach by plaintiff**

> In an action on a contract for the sale of goods in which plaintiff agreed to purchase machinery from defendant, paid a deposit and agreed to pay the balance before delivery with the payment and delivery date unspecified, plaintiff breached the contract by responding to defendant's request for payment with a refusal to pay and a demand for the return of the deposit. Defendant's letter was an offer to deliver rather than a breach, and plaintiff's reply was a repudiation of the contract. G.S. 25-2-301, 309, 703.

APPEAL by defendant from *Brown, Judge.* Judgment entered 22 August 1983 in District Court, MECKLENBURG County. Heard in the Court of Appeals 24 October 1984.

Plaintiff sued for return of a deposit in the amount of $4,000, paid toward the purchase price of a piece of machinery which had

not been delivered. Defendant answered that plaintiff failed to pay the full purchase price and counterclaimed for lost profits and incidental damages in the amount of $7,500. The trial court entered judgment for plaintiff in the amount of $4,000. Defendant appeals.

*Charles M. Welling for plaintiff appellee.*

*Erwin and Beddow, P.A., by Fenton T. Erwin, Jr., for defendant appellant.*

WHICHARD, Judge.

After inspection of a piece of machinery at defendant's place of business, plaintiff and defendant entered into a contract whereby plaintiff agreed to purchase the machinery from defendant at a price of $13,900. The invoice, dated 24 September 1979, states:

| | |
|---|---|
| Price | 13,900 |
| Deposit Due | 4,000 |
| Balance Before Shipment | 9,900 |

Plaintiff paid the deposit by a check dated within a few days of the invoice. The parties did not specify a time for payment of the balance and delivery.

In a letter dated 28 January 1980 defendant requested the balance of the payment due. Plaintiff replied, "We don't have sufficient spare capital to pay balance at present. If you don't want to hold until we do, please return deposit." On 6 February 1980 defendant, through counsel, again requested payment and plaintiff requested the return of its deposit.

Plaintiff contends that defendant breached the contract by demand for payment. Defendant contends plaintiff breached by refusing to pay and demanding return of its deposit. We find that plaintiff breached for the following reasons:

This case involves a contract for the sale of goods, governed by the Uniform Commercial Code (UCC), N.C.G.S. Ch. 25, Art. 2. Under the Code a contract for the sale of goods does not fail for indefiniteness merely because one or more terms are left open at the time of agreement. G.S. 25-2-204(3). The time for performance,

Southern Utilities, Inc. v. Mandel Machinery Corp.

if not otherwise agreed, is a reasonable time. G.S. 25-2-309(1). This Code provision accords with prior North Carolina common law. *See Colt v. Kimball,* 190 N.C. 169, 173-74, 129 S.E. 406, 409 (1925); *Ober v. Katzenstein,* 160 N.C. 439, 441, 76 S.E. 476, 477 (1912); *Hurlburt v. Simpson,* 25 N.C. 233, 236 (1842). The Code also specifies that a reasonable time for an action shall be determined by surrounding circumstances, G.S. 25-1-204(2), and provides guidelines for establishing the nature, purpose and circumstances of an agreement. G.S. 25-1-205.

Both parties agree that the governing code provision is § 25-2-309(1), which reads:

> *Absence of specific time provision . . .* (1) The time for shipment or delivery or any other action under a contract if not provided in this article or agreed upon shall be a reasonable time.

This provision should be read in conjunction with the Official Comments appended to the section. Two of the comments are pertinent:

> Subsection (1) requires that all actions taken under a sales contract must be taken within a reasonable time where no time has been agreed upon.

G.S. 25-2-309, Official Comment 1; and

> When the time for delivery is left open, unreasonably early offers of or demand for delivery are intended to be read under this Article as expressions of desire or intention, requesting the assent or acquiescence of the other party, not as final positions which may amount without more to breach or to create breach by the other side.

G.S. 25-2-309, Official Comment 4. While these comments are not entitled to as much weight as ordinary legislative history, White and Summers, *Uniform Commercial Code* 14 (1980), they are "by far the most useful aids to interpretation and construction," *id.* at 12, promoting reasonably uniform interpretation of the code by the courts. *Id.*

In this case defendant was aware that plaintiff could not pay the full price at time of contract. Plaintiff does not contend, and we would reject the contention, that any request for payment at

Southern Utilities, Inc. v. Mandel Machinery Corp.

any time by defendant was beyond the intention of the parties. Therefore, under the governing Code provision, plaintiff was to pay and defendant to deliver within a reasonable time.

Since plaintiff had agreed to pay in full prior to delivery, the request for payment is also an offer by defendant to deliver. Plaintiff testified, "I certainly knew that [defendant] would ship the piece of equipment once the price for it was paid. That was the original agreement." We therefore find that defendant's letters of 28 January and 6 February, requesting payment and impliedly offering delivery, were "expressions of desire or intention, requesting the assent or acquiescence of the other party," not amounting to breach. G.S. 25-2-309(1), Official Comment 4. This accords with commercial reasonability and with the plain language of defendant's 6 February letter to plaintiff, which reads: "I should appreciate your contacting the undersigned immediately for the purpose of *making arrangements* to have the above amount paid as soon as possible." (Emphasis supplied.)

The request for payment does not, without more, constitute a breach by defendant. *Id.* In plaintiff's testimony, however, plaintiff states, "We don't have the equipment; didn't want the equipment." The obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract. G.S. 25-2-301. In this case it is the plaintiff buyer who was unwilling to accept and pay under the contract. Because plaintiff was short of cash, plaintiff repudiated the contract.

We find that plaintiff has breached its contract with defendant and that defendant is entitled to seller's remedies under G.S. 25-2-703. We note that these remedies are cumulative, are to be liberally administered, and depend entirely upon the facts of the individual case.

The judgment for plaintiff is reversed, and the cause is remanded for entry of an appropriate judgment in favor of defendant pursuant to G.S. 25-2-703.

Reversed and remanded.

Judges JOHNSON and PHILLIPS concur.